J-S28033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DIANE E. HOOVER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM J. KEMP | |
| Appellant | No. 1758 MDA 2014 |

Appeal from the Order Entered September 23, 2014
In the Court of Common Pleas of Clinton County
Domestic Relations at No(s): 22-2011 DR

BEFORE:  BOWES, J., ALLEN, J., and LAZARUS, J.

CONCURRING AND DISSENTING MEMORANDUM BY LAZARUS, J.:

**FILED AUGUST 21, 2015**

I concur in the result insofar as the majority holds that Father's inheritance is an asset subject to the imposition of a lien to satisfy support arrearages existing at the time his support obligation was suspended. However, I respectfully dissent with respect to the majority's affirmance of the trial court's reimposition of a current support obligation based upon his receipt of the inheritance.

Under the terms of section 4305(b)(10)(v) of the Domestic Relations Code, the domestic relations section may impose a lien on an asset of an obligor "to satisfy [a] current support obligation and the arrearage."  23 Pa.C.S.A. § 4305(b)(10)(v).  The trial court, and the majority here,

characterize Father's suspended obligation as a current one, making his "asset," the inheritance, subject to a lien under section 4305(b)(10)(v).

Pennsylvania Rule of Civil Procedure 1910.1 defines the word "suspend" for purposes of support actions as to "eliminate the effect of a support order for a period of time." Pa.R.C.P. 1910.1(c). Here, the trial court suspended Father's support obligation as of February 16, 2012, to be "reinstated upon [Father's] release" from prison. Trial Court Order, 3/5/12. Thus, Father was relieved of his obligation to make support payments for the duration of his term of incarceration. Nevertheless, the majority concludes that Father is subject to a "current" obligation of purposes of section 4305(b)(10)(v). The majority cites no authority for this conclusion, and my research has uncovered no support for the proposition that a suspended support order imposes a "current" support obligation. Accordingly, I do not believe that section 4305(b)(10)(v) allows for a lien to be placed on Father's inheritance to satisfy anything other than the arrearages existing as of the date his support obligation was suspended.

Moreover, I believe the majority's decision runs afoul of our Supreme Court's decision in **Humphreys v. DeRoss**, 567 A.2d 614 (Pa. 2002). There, the Court held that the corpus of an inheritance is not to be considered income for the purpose of calculating a child support obligation. However, where the trial court "determines that an inheritance affects a payor's financial obligations by making more income available for support, an upward deviation is appropriate." **Id.** at 288.

- 2 -

Here, despite the fact that Father continues to be incarcerated and has no current income or earning potential, the trial court reinstated Father's pre-incarceration support obligation, in full, based solely on the fact that Father recently became entitled to an inheritance. The inheritance was the only change in financial circumstances prior to the reinstatement of Father's monthly support obligation. As support obligations are to be based on income and earning capacity, the inescapable conclusion here is that the trial court treated the inheritance as income in direct contravention of **Humphreys**. The reinstatement of Father's entire pre-incarceration obligation can in no way be considered a mere upward deviation as countenanced under **Humphreys**.

In light of the foregoing, I would reverse that portion of the trial court's order that reimposes Father's pre-incarceration support obligation under section 4305(b)(10)(v). I would remand for the imposition of a new support order, calculated based upon Father's current income and earning potential, as prescribed by statute, with a deviation from the guidelines as appropriate under **Humphreys**.